UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 09-22357-CV-HUCK/O'SULLIVAN

LILLIAN LIN,

        Plaintiff,

vs.

METROBANK OF DADE COUNTY, a
Florida corporation, and DONALD M.
ALTEMUS,

        Defendants.
_____/

## ORDER ON MOTION TO DISMISS

This matter came before the Court on the Defendants' motion to dismiss and for a more definite statement (D.E. #18), filed December 28, 2009. The Court has reviewed the motion and related briefing, the record, heard the argument of counsel, and is otherwise duly advised in the premises. For the reasons set forth at the hearing, it is

ORDERED and ADJUDGED that the motion is granted. The Plaintiff shall amend Count I (breach of contract) of the Amended Complaint to allege that the Plaintiff discharged all of her obligations and conditions precedent under the exchange agreement. Counts II (breach of fiduciary duty) and III (gross negligence) of the Amended Complaint are dismissed based on the economic loss rule and Plaintiff's counsel's agreement to dismiss the claims. *See Royal Surplus Lines Ins. Co. v. Coachman Indus., Inc.*, 184 F.App'x 894, 902 (11th Cir. 2006) (holding that the trial court correctly applied the economic loss rule to dismiss tort claims, including claims of negligence and breach of fiduciary duty, where the parties shared a contractual relationship and the duties allegedly breached arose out of the contract); *Indem. Ins. Co. of N. Am. v. Am. Aviation*, 891 So. 2d 532, 536-37, 541-44 (Fla. 2004) (holding that where parties are in privity of contract, the economic loss rule bars tort claims based on the breach of a duty that is not distinct from the parties' contractual obligations). Counts IV (negligent misrepresentation) and V (fraud) of the Amended Complaint are dismissed without prejudice so that the Plaintiff may allege those claims with the detail required under Rule

9(b) of the Federal Rules of Civil Procedure and the substantive law of Florida. *Johnson v. Amerus Life Ins. Co.*, No. 05-61363-Cooke/Brown, 2006 WL 3826774, at *4 (S.D. Fla. Dec. 27, 2006) ("Rule 9(b)'s pleading requirements apply to actions involving claims for negligent misrepresentation."); *S. Pan Servs. Co. v. S.B. Ballard Constr. Co.*, No. 3:07-cv-592-J-33TEM, 2008 WL 3200236, at *5-6 (M.D. Fla. Aug. 6, 2008) citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997) (delineating pleading requirements under Rule 9(b)); *see also Mount Sinai Med. Ctr. of Greater Miami, Inc. v. Heidrick & Struggles, Inc.*, 188 F.App'x 966, 968-69 (11th Cir. 2006) (representations regarding competence to perform a certain type of work are non-actionable puffery); *Mac-Gray Servs., Inc. v. DeGeorge*, 913 So. 2d 630, 634 (Fla. 4th DCA 2005) (statements amounting to mere puffery are not material statements).

The Plaintiff shall file her Second Amended Complaint by **Thursday, February 4, 2010**. The parties shall file any summary judgment motions (in lieu of a further round of motions to dismiss) by **Friday, February 12, 2010**. Trial is rescheduled to the two-week period commencing **Monday, March 29, 2010**, and calendar call will take place on **Wednesday, March 24, 2010, at 8:30 a.m.**

DONE in Chambers, Miami, Florida, February 2, 2010.

_____
Paul C. Huck
United States District Judge

**Copies furnished to:**
Counsel of record.