**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 09-22357-CV-HUCK/O'SULLIVAN**

LILIAN LIN,

          Plaintiff,

vs.

METROBANK OF DADE COUNTY, a
Florida corporation, and DONALD M.
ALTEMUS,

          Defendants.

_____/

## <u>ORDER ON MOTION FOR ENTRY OF FINAL JUDGMENT</u>

This matter came before the Court on Defendant Donald M. Altemus' Motion for Entry of Final Judgment (D.E. #86), filed April 6, 2010.  For the reasons set forth below, the motion is denied.

Under Rule 54(b) of the Federal Rules of Civil Procedure a district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Both the Supreme Court and Eleventh Circuit have held that whether to grant a final judgment under Rule 54(b) is committed to the district court's discretion.  *Curtiss-Wright Corp. v. Gen. Elect. Co.*, 446 U.S. 1, 8 (1980); *In re Yarn Processing Patent Validity Litig.*, 680 F.3d 1338, 1339-40 (11th Cir. 1982).  In exercising its discretion, the district court "must take into account judicial administrative interests as well as the equities involved" and remain mindful of "preserv[ing] the historic federal policy against piecemeal appeals." *Curtiss-Wright*, 446 U.S. at 8.

The Plaintiff's second amended complaint consists of three counts, each against both Defendants: (1) breach of contract, (2) negligent misrepresentation, and (3) fraud.  The Court granted summary judgment (D.E. #76) in favor of Altemus on the breach-of-contract count after finding that Altemus had executed the exchange agreement in his capacity as an officer or employee of Metrobank.   The Plaintiff subsequently voluntarily dismissed (D.E. #78) the negligent

misrepresentation and fraud counts with prejudice.  Therefore, the only remaining count in this litigation is the Plaintiff's breach-of-contract count against Metrobank.  As the Court stated at the April 7, 2009 calendar call, Altemus is excused from participating in these proceedings as a party.

Nevertheless, the Court concludes that final judgment should not be entered in favor of Altemus at this time.  Entering judgment in favor of Altemus would require the Plaintiff to commence an appeal of her claims against Altemus within thirty days of the Court's entry of the Rule 54(b) final judgment.  *See* Fed. R. App. P. 4(a)(1)(A) (appellants must file a notice of appeal within thirty days of the district court's entry of final judgment); *Smith v. Mine Safety Appliances Co.*, 691 F.2d 724, 725 (5th Cir. 1982) (dismissing an appeal as untimely because the appellant filed his notice of appeal eight months after the trial court issued a final judgment under Rule 54(b)); 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2661 (3d ed. 2010) ("[O]nce there has been a Rule 54(b) certification and a final judgment has been entered, the time for appeal begins to run.")  This case is fully developed and ready for trial. Requiring the Plaintiff to pursue an appeal when resolution of the entire case will likely occur within months would unduly burden the Plaintiff by forcing her to pursue this litigation in both the trial and appellate courts.  In addition, given the circumstances, the Court finds that judicial administrative interests would be most advanced if the appellate court reviewed this Court's decisions in the context of a single appeal.  Accordingly, it is

ORDERED and ADJUDGED that the motion for entry of final judgment in favor of Defendant Donald M. Altemus is denied.

DONE in Chambers, Miami, Florida, April 12, 2010.

_____

Paul C. Huck
United States District Judge

**Copies furnished to:**
Counsel of record
Lilian Lin (at address of record).